Juan A. TRIGO, Plaintiff,

v.

EASTERN AIR LINES, INC., Defendant.

Civ. No. 74–904.

United States District Court,
D. Puerto Rico.

Dec. 20, 1976.

George L. Weasler, Santurce, P.R., for plaintiff.

Francisco Ponsa-Feliú, San Juan, P.R., for defendant.

## OPINION AND JUDGMENT

PESQUERA, District Judge.

This is an action filed by an airline pilot, Mr. Juan A. Trigo, against his employer Eastern Air Lines, Inc. (hereinafter Eastern). Prior to his employment with Eastern, the plaintiff was an employee of Caribbean Atlantic Airlines, Inc. (hereinafter Caribair). He became an Eastern employee after a transaction between said two airlines in April of 1973.

It is the plaintiff's contention that Eastern violated its contractual obligations towards plaintiff when it closed its San Juan pilot base, to which the plaintiff may have been assigned, and assigned the plaintiff to said airline's New York base. Specifically, the plaintiff alleges that on or about June 15, 1971, Mr. George Lyall, an officer of Eastern, addressed a letter to all the employees of Caribair, and that said letter in effect constitutes a contract of employment between the plaintiff and Eastern, which obligates Eastern to keep the plaintiff assigned to a San Juan domicile.

The testimony of an Eastern official before the Civil Aeronautics Board is also cited by the plaintiff in support of his theory. Plaintiff alleges that on or about March 2, 1971, at a hearing reconvened by said agency in Washington, D.C., Eastern's

Staff Vice President for Industrial Relations, Mr. John P. Mead, told the C.A.B. that "We will have a base in San Juan where we do not now have it". (Complaint's Exhibit B).

Thus, plaintiff argues that he "became fully invested with the employment rights offered" in the letter referred to above, and that closing the San Juan base is in "clear violation of the right to a Puerto Rico domicile vested in the plaintiff" and in other former Caribair pilots by the letter and testimony referred to above.

The Eastern document on which the complaint is based was attached to the complaint, marked as Exhibit A. It is a memorandum dated June 15, 1971 (almost two years before the Eastern-Caribair transaction), addressed to "all Caribair employees" from Mr. George Lyall. Attached to said memorandum is an outline of "personnel policies" related to the Eastern-Caribair agreement, which includes a "job assignments" section, on which plaintiff's claim is based.

This Court has carefully examined the document in question and concludes that it is not a contract, and that it does not grant to the plaintiff the rights which he alleges and claims in this case. The document is an expression of so-called "personnel policies", and not a binding contractual agreement between Eastern and the plaintiff. See Civil Code of Puerto Rico, Articles 1210, 1213 and 1214 (31 LPRA Secs. 3375, 3391 and 3401).

The above considerations also apply to the testimony of Mr. John P. Mead, an excerpt of which has been attached to the complaint, marked as Exhibit B. This testimony is not a contract or agreement from which the contractual rights claimed by the plaintiff may arise.

Furthermore, the collective bargaining agreement between Eastern and the Airline Pilots Association International, dated December 27, 1972, is of utmost importance. This agreement became effective on January 1, 1973 and therefore it was in full force and effect at the time of the Eastern-Carib-

air transaction in April of 1973. The agreement has provisions pertaining specifically to changes of pilots' working conditions such as the *changes of pilot domiciles* and *domicile closings.* (Defendant's Exhibit 1; Section 28–L, p. 65)

The collective bargaining agreement cannot be modified by a contract between the airline and individual employees. A contract with an individual employee, which in any manner would expand, supersede or modify the collective bargaining agreement, would not be valid nor enforceable. *Steele v. Louisville & Nashville R. R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1943); *J. I. Case Co. v. Labor Board,* 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762; *Edelstein v. Duluth Missabe & Iron Range Ry. Co.,* 225 Minn. 508, 31 N.W.2d 465 (1948). Thus, even if the document and/or the testimony upon which the plaintiff relies constituted a contract between former Caribair pilots (including the plaintiff) and Eastern, as a matter of law this Court holds that said contract would be unlawful and unenforceable.

The Court also notes that plaintiff's claim arises from the employment relationship existing between him and defendant Eastern. This relationship is regulated by the agreement between Eastern and the Air Line Pilots Association International, which contains a procedure for considering and deciding pilots' grievances "concerning any action of Eastern affecting them." (Section 30A of the agreement) The grievance is to be handled in accordance with Section 29 of the agreement, and with the Railway Labor Act, as amended 45 U.S.C. 151 et seq. From the record before us it does not appear that plaintiff has exhausted these administrative remedies which are available to him. On the contrary, from plaintiff's arguments before this Court, it appears that he was not able to attend a hearing set for June 19, 1974 pursuant to the contractual grievance procedure; and there is no indication before this Court that the grievance filed by the plaintiff has been finally

decided or otherwise disposed of as contemplated in the agreement.

Eastern is a "carrier" under the Railway Labor Act, *supra*. The plaintiff, therefore, must utilize and *exhaust* the grievance procedure established in the collective bargaining agreement. The grievance procedure is mandatory and exclusive. *IAM v. Central Airlines, Inc.*, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963); *Locomotive Engineers v. Louisville and Nashville R. Co.*, 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963). No court, federal or state has jurisdiction over the merits of this case; *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 82 L.Ed.2d 95 (1972); *Conrad v. Delta Air Lines, Inc.*, 494 F.2d 914, 917 (1973); *Font v. Eastern*, Order of this Court dated March 10, 1975 (Civil No. 74–982).

For the above stated reasons, it is ORDERED, ADJUDGED and DECREED that plaintiff's action be and it is hereby dismissed with costs to defendant.